THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **MAREECE LAWRENCE,** <br> **Y62827,** <br><br> **Plaintiff,** <br><br> **vs.** <br><br> **C/O YOUNG,** <br><br> **Defendant.** | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | **Case No. 3:26-cv-01023-GCS** |

**MEMORANDUM & ORDER**

**SISON, Magistrate Judge:**

Plaintiff Mareece Lawrence, an inmate of the Illinois Department of Corrections ("IDOC") who is currently detained at Big Muddy River Correctional Center, brings this civil rights action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. Specifically, Lawrence alleges Defendant Young used excessive force against him without justification.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A.[1] Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a)-(b). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon

[1] The Court has jurisdiction to resolve Lawrence's motions and to screen his Complaint due to his consent to the full jurisdiction of a magistrate judge (Doc. 5) and the IDOC's limited consent to the exercise of magistrate judge jurisdiction as set forth in the Memorandum of Understanding between the IDOC and this Court.

which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. *See* 28 U.S.C. § 1915A(b).

## The Complaint

Lawrence alleges that on April 21, 2026, Defendant Young slammed the cell door on Lawrence's back with extreme force and without any justification. (Doc. 1, at p. 4). Lawrence alleges the door caused severe pain in his back, which was exacerbated by prior gunshot wounds to his chest. He further alleges that Young denied him medical care. Instead, Young merely mocked Plaintiff for crying. *Id.* at p. 5. In addition to this incident, Lawrence claims that a day earlier Young kicked his cell door shut causing his nose to bleed. Lawrence alleges that Young always has an "agenda against [him] we always have words so he's always out to get me." *Id.* Lawrence adds that he was following orders at the time of the incident. *Id.* Lawrence seeks monetary compensation. *Id.* at p. 3.

## Discussion

Based on the allegations in the Complaint, the Court finds it convenient to organize the *pro se* action into the following count:

**Count 1:** **Eighth Amendment excessive force/deliberate indifference claim against Defendant Young for injuring Plaintiff with the cell door on April 20 or 21, 2026;**

The parties and the Court will use this designation in all future pleadings and orders unless otherwise directed by a judicial officer of this Court. Any claim that is mentioned

in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.[2]

**Count 1**

An Eighth Amendment excessive force claim requires an inquiry into "whether force was applied in a good-faith effort to maintain or restore discipline, or [whether it was] applied maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 7 (1992). The "core judicial inquiry" for an excessive force claim is not the severity of the injury, but whether the force used was "malicious[] and sadistic[] . . . ." *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010). Here, Lawrence's allegations suggest that Young acted without a need to restore discipline, and he also alleges Young's actions were malicious. This is enough to proceed at this early juncture.

Additionally, Lawrence alleges that he was yelling out in pain after the incident, but Young refused medical treatment for his back, or for his bloody nose the next day. While a bloody nose is not likely a serious medical condition, the allegation that Young denied care for serious ongoing back pain is sufficient at this juncture to proceed.

**DISPOSITION**

**IT IS HEREBY ORDERED THAT Count 1** of the Complaint may proceed against Defendant Young.

---

2 *See, e.g.*, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (noting that an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face.").

The Clerk of Court is **DIRECTED** to prepare for Defendant Young: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 1), and this Memorandum and Order to Defendants' place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Local Rule 8.2, Defendants need only respond to the issues stated in this Merits Review Order.**

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs,

regardless of whether his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that he is under a continuing obligation to inform the Clerk of Court and each opposing party of any address changes; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than 14 days after a transfer or other change of address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for failure to prosecute. *See* FED. R. CIV. PROC. 41(b).

Based on the allegations in the Complaint, the Clerk of Court is **DIRECTED** to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

**IT IS SO ORDERED.**

**DATED: November 4, 2026.**

Digitally signed by Judge Sison
Date: 2026.11.04 14:24:35 -06'00'

**GILBERT C. SISON**
**United States Magistrate Judge**

## NOTICE TO PLAINTIFF

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to the complaint. It will likely take at least 60 days from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take 90 days or more. When all of the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at his time, unless otherwise directed by the Court.

The Court wishes to remind the Plaintiff that litigation is often viewed a series of hurdles that the Plaintiff must clear to get to another hurdle. Initial screening is such a hurdle, but it is a very low one for the Plaintiff to clear.  As noted above, surviving initial screening only requires the bare statement of a claim that, if proven, could entitle Plaintiff to some relief. At trial, he will need to prove by a preponderance of evidence that the facts alleged actually occurred and that those facts satisfy the legal requirements for recovery. Trial is the highest and most difficult of hurdles for any Plaintiff to clear.